Shauck, J.
It will be necessary to consider but. one of the reasons assigned by counsel for the plaintiff in error in support of the conclusion that the-judgment of the circuit court is erroneous. The. *90 question first in order and importance is, did the circuit court err in refusing leave to the plaintiff in error to amend its petition in error by subscribing it? It has long been recognized that with respect to questions of practice in reviewing courts they are, in the absence of statutory provisions specially applicable, determined by the provisions of the code of civil procedure with respect to similar questions .arising in original cases. The case of Smetters v. Rainey, 14 Ohio St., 288, was determined by such analogy. The case, though adversely criticised in ■ other respects, has, in this respect, always been followed with approval. It was so approved in Robinson v. Orr et al., 16 Ohio St., 289, where the subject is sufficiently discussed, and in numerous other--cases.
Is the amendment proposed by the motion for leave to amend within the established' rules with re,spect to the general subject of amendments? The legislation upon the subject is found in section 5114, Revised Statutes, that: ‘ ‘ The court may, before or .after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading,' process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, ■ or by inserting other allegations material to the case, ■ or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved; and when an action or proceeding fails to conform to the provisions of this title, the court may permit the same to be made conformable thereto, by amendment.” We have not been favored with a process of reasoning by which it is supposed that a proceeding in error *91 may be excepted from the provisions of the statute which provides generally for the amendment of proceedings. The section has been under consideration many times, and in Irwin v. Bank, 6 Ohio St., 81, it was held applicable to an appellate proceeding and to authorize the correction of a substantial defect in such proceeding, if it results from mistake and the correction would be made in furtherance of justice. The express terms of the statute defining the, amendment which may be made authorize the addition of a name. To the suggestion that ,the case presented nothing to amend, it is sufficient to say that it has already been decided that an unsigned petition is a petition. Conn v. Rhodes, 26 Ohio St., 644. Since .the section authorizes the amendment of proceedings with respect to substantial defects no inference against the right to amend can be drawn from the dismissal of petitions substantially defective when no application was made for leave to amend. It appears, therefore, that all suggestions urged in support of the action of the court on the motion for leave to amend have been clearly answered by the decided cases.
It seems important to observe that the tendency of recent legislation and attendant adjudication is toward, and not from, the view that proceedings in error are not to be regarded with less favor than other remedial proceedings. •

Judgment reversed.

Spear, C. J., Davis, Price, Crew and Summers, JJ., concur.